# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:19-cv-00347__

PAUL M. GEORGOPULOS,

    Plaintiff,

v.

PPM CAPITAL, INC.,

    Defendant.

## COMPLAINT

**NOW COMES** Paul M. Georgopulos ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of PPM Capital, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Colorado Fair Debt Collection Practices Act ("CFDCPA") pursuant to CO Rev. Stat. § 5-16-101.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains significant business contacts in the District of Colorado, Plaintiff resides in the District of

1

Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

**PARTIES**

4. Plaintiff is a Colorado resident and natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant's principal purpose of business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party. Defendant's principle office is located at 31 Shepard Ave. Buffalo, New York 14217.

**FACTS SUPPORTING CAUSE OF ACTION**

6. In 2016, Plaintiff obtained an Ace Cash loan for $200.00 ("subject debt"). Due to unforeseeable circumstances, Plaintiff was unable to keep up with the payments on the subject debt causing Plaintiff to default.

7. On December 5, 2018, Defendant acquired the right to collect and/or attempt to collect on the subject debt while it was in default.

8. In December 2018, Defendant began placing calls to Plaintiff's cellular telephone number (720) XXX-8745, Plaintiff's fiancé's cellular telephone, and Plaintiff's fiancé's daughter's cellular telephone.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services ending in 8745.

10. Immediately after the calls began, Plaintiff's fiancé answered a call from Defendant. In that call, Defendant disclosed that it was looking for Plaintiff and that he owes the subject debt.

11. Subsequently thereafter, Defendant placed or caused to be placed a phone call to Plaintiff's fiancé's daughter's cellular telephone. In that call, Defendant's representative left a voice mail message falsely stating that it is a compliance officer and that it would be sending a uniformed officer to either Plaintiff's home or place of employment in order to serve him with paperwork for a lawsuit filed against him in connection to the subject debt.

12. Defendant also sent Plaintiff the same voice mail message referred to above.

13. After Plaintiff received the first voice mail message from Defendant, Defendant began placing harassing and high volume calls to Plaintiff's cellular telephone.

14. Shortly after the harassing calls began, Plaintiff called Defendant. In that call, Defendant's representative demanded that Plaintiff satisfy the subject debt or Plaintiff will face criminal charges for "defrauding a financial institution." Defendant's threat to Plaintiff was unfair, false, and misleading. Defendant did not intend to file criminal charges against Plaintiff, nor could it file criminal charges against Plaintiff. Furthermore, Defendant instructed Plaintiff to purchase a pre-paid card and deposit $100.00 in the pre-paid card every other week in order to satisfy the subject debt through a payment plan.

15. Plaintiff set-up a payment plan with Defendant and followed Defendant's instructions to purchase a pre-paid card, because he feared that Defendant would proceed to carry out a criminal lawsuit against him. Plaintiff made two payments, under false pretenses to Defendant. Plaintiff made two payment of $105.00 to Defendant.

16. One day prior to each payment, Defendant would cascade Plaintiff with phone calls and text messages to his cellular phone conveying that Plaintiff is breaching his payment contract by making late payments.

17. On January 30, 2019, Plaintiff called Defendant to request if he could make reduced payments on the subject debt as he was no longer financially able to make the agreed upon payments. In that call, Defendant's representative falsely communicating that it could not change the payment agreement with Plaintiff because it is a binding contract. Plaintiff then demanded that Defendant cease calling him.

18. Despite Plaintiff demands that Defendant cease contacting him, Defendant continued its harassing phone calls and text messages to Plaintiff's cellular telephone.

19. On February 2, 2019, Defendant called Plaintiff 9 times in the span of five minutes, from 7:20 a.m. to 7:25 a.m. in order to annoy Plaintiff into making a payment on the subject debt. Defendant's conduct was unconscionable and harassing.

20. Furthermore, when Plaintiff called Defendant again in order to demand that it cease harassing him a representative of Defendant called Plaintiff a "piece of shit." Defendant used such vulgar and disgusting language in order to belittle Plaintiff.

21. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

22. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from December 2018 through the present day, with calls taking place several times in one day, up to 9 times per day, and on back to back days.

23. Plaintiff called his local Police Department and filed a harassment report due to Defendant's outrageous call and text volume.

24. Plaintiff *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

25. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of 'dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

26. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

27. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

28. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

29. The phone number that Defendant most often used to contact Plaintiff was, (719) 280-0596, but upon information and belief, Defendant may have used other phone numbers to place calls to Plaintiff's cellular phone.

30. Moreover, at no time did Defendant send Plaintiff any correspondences notifying him of his rights pursuant to 15 U.S.C. §1692g.

## DAMAGES

31. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

32. Plaintiff has expended time consulting with his attorney's as a result of Defendant's harassing conduct.

33. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

34. Also, Defendant's illegal conduct caused Plaintiff to make two payments of $105.00 under false pretense.

35. Defendant's phone harassment campaign caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, embarrassment, humiliation, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

36. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone numbers such that Plaintiff was unable to receive other phone calls.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

39. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

40. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

41. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

42. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

43. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

44. Defendant violated 15 U.S.C. §§1692b(2), b(3), c(a)(1), c(b), d, d(2), d(5), e, e(4), e(5), e(7), e(10), f, and g through its unlawful debt collection practices.

   **a. Violations of FDCPA § 1692b**

45. Defendant violated §1692b(2) and b(3) by communicating with third-parties that have no connection to the subject debt. Specifically, Defendant called Plaintiff's fiancé and Plaintiff's fiancé's daughter multiple times and disclosed personal and sensitive information about Plaintiff and the subject debt.

7

46. Moreover, Defendant left Plaintiff's fiancé's daughter a voice mail message stating that it was going to serve Plaintiff with a lawsuit in connection to the subject debt.

47. Defendant used such communications in order to humiliate Plaintiff into satisfying the subject debt.

    b. **Violations of FDCPA § 1692c**

48. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop calling him. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

49. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions in the course of less than two months. This volume of calls shows that Defendant willfully ignored Plaintiff's plea with the goal of annoying and harassing him into submission.

50. On February 2, 2019, Defendant called Plaintiff 9 times within five minutes and as early as 7:20 a.m.

51. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

52. Furthermore, Defendant violated §1692c(b) by contacting Plaintiff fiancé and her daughter. Both parties had no connection to the subject debt. Therefore, Defendant was not permitted to disclose personal and sensitive information about Plaintiff and the subject debt.

    c. **Violations of FDCPA § 1692d**

53. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease.

54. Defendant violated §1692d(2) by calling Plaintiff a 'piece of shit," when Plaintiff demanded that Defendant cease contacting him. Defendant used such profane language in order to insult Plaintiff and lower his self-esteem.

55. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from December 2018 through the present day, using an automatic dialing system without his prior consent, with calls taking place several times in one day and on back to back days.

    d. **Violations of FDCPA § 1692e**

56. Defendant violated §1692e, e(4), e(5), e(7), and e(10) by using false, deceptive, and misleading representation in connection to the collection of the subject debt.

57. Defendant falsely communicated to Plaintiff that if he did not satisfy the subject debt then Defendant would send a uniformed officer to Plaintiff's home or place of employment to serve him with a lawsuit in connection to the subject debt.

58. Defendant falsely threatened to file a criminal charge against Plaintiff. Specifically, Defendant falsely communicated to Plaintiff that it would file a criminal lawsuit against Plaintiff

for "defrauding a financial institution." Defendant attempted to deceive Plaintiff into believing he committed a criminal offense in order to induce payment on the subject debt.

### e. Violations of FDCPA § 1692f

59. Defendant violated §1692f by using unfair and unconscionable conduct in attempting to collect on the subject debt.

60. Defendant unconscionably harassed Plaintiff with high volume phone calls and text messages. Defendant overwhelmed Plaintiff with phone calls and text messages in order to abuse Plaintiff into satisfying the subject debt.

61. Furthermore, Defendant unfairly threatened to file a criminal lawsuit against Plaintiff and threatened to send a uniformed officer to serve Plaintiff.

62. Moreover, Defendant unconscionably called Plaintiff a "piece of shit." Defendant used such vulgar language in order to belittle Plaintiff and make him submit to paying the subject debt.

### f. Violations of FDCPA § 1692g

63. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

64. As plead above, Plaintiff was severely harmed by Defendant's harassing and unconscionable conduct.

65. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed that such calls were harassing and not welcome.

66. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Colorado in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

67. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff PAUL M. GEORGOPULOS respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Enjoin Defendant from contacting Plaintiff;

    c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    e. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

68. Plaintiff restates and realleges paragraphs 1 through 67 as though fully set forth herein.

69. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

70. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

71. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

72. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

73. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between December 2018 and the present day, using an ATDS without his prior consent.

74. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

75. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

76. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

77. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

78. Defendant, through its agents, representatives, vendors, third-party contactors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

79. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff PAUL M. GEORGOPULOS respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT

80. Plaintiff restates and realleges paragraphs 1 through 79 as though fully set forth herein.

81. Plaintiff is a 'consumer" as defined by CO Rev. Stat. § 5-16-103(5).

82. The alleged subject debt is a "debt" as defined by CO Rev. Stat. § 5-16-103(8)(a).

83. Defendant is a "debt collector" as defined by CO Rev. Stat. § 5-16-103(9).

84. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined by CO Rev. Stat. § 5-16-103(4).

85. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

### a. Violations of CO Rev. Stat. § 5-16-106

86. Defendant violated § 5-16-106(1) by engaging in conduct with the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the subject debt.

87. Defendant's repeated behavior of systematically calling Plaintiff's cellular phone over and over after he notified it to stop calling and texting him. Even after being notified to stop calling and texting Plaintiff, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt. Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's notification with the goal of annoying and harassing Plaintiff.

88. Furthermore, Defendant harassed Plaintiff by calling him a "piece of shit." Defendant used such disgusting language in order to belittle Plaintiff and induce him into paying the subject debt.

89. Defendant caused Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to harass, oppress, or abuse Plaintiff. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

90. As pled above, Plaintiff was harmed by Defendant's illegal conduct.

91. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

**WHEREFORE**, Plaintiff PAUL M. GEORGOPULOS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying CFDCPA violations;
c. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: February 11, 2019 　　　　　　　　　　　　　Respectfully Submitted,

/s/ Marwan R. Daher　　　　　　　　　　　　　　　/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.　　　　　　　　　　　　　　Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*　　　　　　　　　　　　　　　*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.　　　　　　　　　　　　Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200　　　　　 2500 South Highland Avenue, Suite 200
Lombard, IL 60148　　　　　　　　　　　　　　　Lombard, IL 60148
Telephone: (630) 537-1770　　　　　　　　　　　Telephone: (630) 575-8141
mdaher@sulaimanlaw.com　　　　　　　　　　　 osulaiman@sulaimanlaw.com