IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00347-DDD-STV

PAUL M. GEORGOPULOUS,

    Plaintiff,

v.

PPM CAPITAL, INC.,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Plaintiff Paul M. Georgopulos' Motion for Default Judgment Against PPM Capital, Inc. on a Sum Certain (the "Motion") [#36], which has been referred to this Court [#37]. For the following reasons, Plaintiff is **ORDERED** to file a supplemental brief to the Motion, with any necessary affidavits or other supporting documentation, to supplement Plaintiff's request for statutory damages under the Telephone Consumer Protection Act ("TCPA").[1] [*See* #36 at ¶ 10]

---

[1] In the Complaint, Plaintiff also seeks statutory and actual damages for the alleged violations of the Colorado Fair Debt Collections Practices Act ("CFDCPA") [#1 at 15], but Plaintiff does not include any requests for statutory damages under the CFDCPA in the Motion for Default Judgment [*see generally* #36], presumably because "individuals may not recover damages under the CFDCPA if they recover damages for violations of 'like provision[s]' under the [Fair Debt Collection Practices Act]," *Peterson-Hooks v. First Integral Recovery, LLC*, No. 12-cv-01019-PAB-BNB, 2013 WL 2295449, at *5 (D. Colo. May 24, 2013) (quoting Colo Rev. Stat. § 5-16-113(7)). The Court does not require any additional materials with respect to Plaintiff's request for damages under the Fair Debt Collection Practices Act.

1

As relevant here, the TCPA prohibits any person, absent prior express consent from the phone call recipient, from "mak[ing] any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). A text messages constitutes a call under § 227(b)(1)(A)(iii). *See, e.g.*, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666-67 (2016); *see also Krady v. Eleven Salon Spa*, No. 16 CV 5999 (MKB)(RML), 2017 WL 6541443, at *3 (E.D.N.Y. July 28, 2017) (discussing authority finding that a "call" encompasses both telephone calls and text messages to cellphone numbers), *report and recommendation adopted*, 2017 WL 6542462 (E.D.N.Y. Dec. 21, 2017). A plaintiff may recover $500 in damages for each violation of the statute under the TCPA. 47 U.S.C. § 227(b)(3)(B). Additionally, the statute allows the court to increase the award up to three times the statutory amount "[i]f the court finds that the defendant willfully or knowingly violated" the TCPA. *Id.* § 227(b)(3)(C).

Even after entry of default, the Court must consider whether the unchallenged facts constitute a legitimate basis for the entry of default judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *Malibu Media, LLC v. Ling*, 80 F. Supp. 3d 1231, 1239 (D. Colo. 2015). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006); *Malibu Media*, 80 F. Supp. 3d at 1239. Allegations relating to the amount of damages, however, are generally not accepted as true. *Magic Carpet Ski Lifts, Inc. v. S&A Co., LTD*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *6 (D. Colo. June 8, 2015), *report and recommendation adopted*, 2015 WL 4162586 (D. Colo. July 9, 2015).

Instead, the court must hold a hearing on the damages claimed before entering default judgment, unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). "If the damages sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary." *Applied Capital, Inc. v. Gibson*, 558 F. Supp. 2d 1189, 1202 (D.N.M. 2007); *see also Top Rank, Inc. v. Fey*, No. 08-cv-00480-RPM, 2009 WL 1384171, at *3 (D. Colo. May 15, 2009) ("Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount." (citing *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949)).

In calculating statutory damages under the TCPA, courts "determine[] the number of phone calls in violation of the TCPA based on allegations in the complaint or upon additional evidence, such as screenshots of the plaintiff's phone showing the alleged violations." *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-00043-ALM-CAN, 2018 WL 6424792, at *8 (E.D. Tex. Oct. 14, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 6424695 (E.D. Tex. Dec. 5, 2018); *see also Cunningham v. Greenstar Capital Sols., LLC*, No. 4:18-CV-000161-ALM-CAN, 2018 WL 4572711, at *7 (E.D. Tex. Aug. 1, 2018) (finding plaintiff had shown defendant liable for 47 violations of the TCPA based upon screenshots of the violative call logs, an affidavit, hearing testimony, and allegations in the complaint), *report and recommendation adopted*, 2018 WL 4567706 (E.D. Tex. Sept. 24, 2018); *Smith v. Reliant Grp. Debt Mgmt. Sols.*, No. 16-10325, 2018 WL 3753976, at *2, *8 (E.D. Mich. Aug. 8, 2018) (noting substance and frequency of early calls were unknown to the court, but awarding statutory damages for subsequent calls that were tracked by plaintiff in a call log that was entered

3

into evidence); *Krady*, 2017 WL 6541443, at *5 (awarding statutory damages where plaintiff had submitted evidence sufficient to establish that defendant had sent 36 text messages in violation of the TCPA, in the form of plaintiff's declaration, and a printout of screenshots taken from plaintiff's phone).

Here, the Complaint does not specify the total number of calls made or text messages sent by Defendant to his cellphone. The Court gathers from Plaintiff's allegations that in December 2018, Defendant made at least one call to Plaintiff. [#1 at ¶¶ 11-12] It is also clear that on February 2, 2019, Defendant called Plaintiff nine times in five minutes. [*Id.* at ¶ 19] Otherwise, Plaintiff's allegations simply note the general volume of the calls and texts from Defendant. In the Motion, Plaintiff seeks damages for a total of 25 phone calls [#36 at 2], but the Court has no supporting documentation, such as an affidavit from Plaintiff, call log, or screen shots, to verify that number. In short, the Court does not have sufficient information, from the Complaint or the Motion, to conclude that the TCPA damages amounts are certain, or "capable of easy calculation." *Applied Capital*, 558 F. Supp. 2d at 1202; *see also Monette v. Cont'l Fin. Co., LLC*, No. 17-cv-1412-pp, 2018 WL 388849, at *3 (E.D. Wis. Jan. 11, 2018) ("The court is not in a position to authorize [TCPA] damages without documentation supporting the number of violations.").

For the foregoing reasons, Plaintiff is **ORDERED** to file a supplemental brief in support of the Motion, with any necessary supporting exhibits, verifying and describing with greater particularity the number of TCPA violations, **on or before October 11, 2019**. Upon review of the supplemental brief and any exhibits attached thereto, the Court will

4

determine whether or not a default judgment may be entered in Plaintiff's favor, or whether a hearing is necessary pursuant to Fed. R. Civ. P. 55(b)(2).

DATED: September 27, 2019

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge