**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00347-WYD-STV

PAUL M. GEORGOPULOS,

    Plaintiff,

v.

PPM CAPITAL, INC.,

    Defendant.

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF**

---

**NOW COMES** Plaintiff, PAUL M. GEORGOPULOS ("Plaintiff"), through his undersigned counsel, hereby submitting his Supplemental Brief in support of Plaintiff's Motion for Default Judgment.

1) On February 11, 2019, Plaintiff filed his complaint against PPM Capital, Inc. ("Defendant") seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Colorado Fair Debt Collection Practices Act ("CFDCPA") pursuant to CO Rev. Stat. § 5-16-101. [Dkt. No. 1].

2) On May 31, 2019 Plaintiff requested that the Clerk enter default of Defendant, PPM Capital, Inc., for failure to plead or otherwise defend. [Dkt. No. 34].

3) On July 9, 2019, the Clerk entered default against Defendant. [Dkt. No. 36].

4) On July 30, 2019, Plaintiff filed his Motion for Default Judgment against Defendant. [Dkt. No. 36].

5) On September 27, 2019, this honorable court requested that Plaintiff file a supplemental brief showing with more particularity the number of TCPA violations. [Dkt. No. 39].

6) On January 30, 2019, Plaintiff spoke with a representative of Defendant and requested that Defendant stop calling him.

7) Between January 31, 2019 and February 4, 2019, Plaintiff received no less than 15 calls from Defendant attempting to collect upon the subject debt.[1] *See* Exhibit A.

8) Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

9) Defendant, through its agents, representatives, vendors, third-party contactors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

10) Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

11) Based on Defendant's conduct, Plaintiff believes this Honorable Court should not hesitate to punish Defendant to the fullest extent of the law. As Plaintiff's Complaint states, Defendant engaged in willfully harassing collection activity. Because Defendant has willfully chosen not to participate in the instant proceedings, it should not be given any benefit of the doubt by this Honorable Court

---

[1] Plaintiff believes he has received more than 30 calls in violation of the TCPA. Accordingly, Plaintiff issued a subpoena to his cellular phone provider. Plaintiff believes the subpoena will show numerous more violations.

12) Plaintiff respectfully asks this court to grant its Motion for Default Judgment against Defendant in the amount $42,497.75.

Dated: October 11, 2019

Respectfully Submitted,

s/ *Alexander J. Taylor*
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
Facsimile: (630) 575-8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Plaintiff, certifies that on October 11, 2019, he caused a copy of the foregoing Plaintiff's Supplemental Brief, to be served by U.S. mail, postage prepaid, on:

PPM Capital, Inc.
Eugene J. Paladino
31 Shepard Avenue
Kenmore, New York 14217

s/ Alexander J. Taylor
Alexander J. Taylor, Esq.